**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWARD HOID,                      )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        Civil Action No. 1:25-cv-03711 (UNA)
                                  )
                                  )
PAULA XINIS, et al.,              )
                                  )
            Defendants.           )

**MEMORANDUM OPINION**

Currently before the Court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and
Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2.  The Court denies
Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without
prejudice.

Plaintiff, a resident of Utah, sues multiple federal judges, the Federal Bureau of
Investigation, and the Federal Communications Commission.  *See* Compl. at 1, 3–4, 7–8.  The
Complaint totals 332 pages and is comprised of assorted theories predicated on Plaintiff's belief
that the federal executive and judiciary are "plotting on and executing the destruction of America,"
due to their "loyalty to foreign cultures," and that they have infiltrated, directly and remotely,
Plaintiff's life in myriad negative ways.  *See generally Compl*.  He demands assorted injunctions
and $90 million in damages.  *See id*. at 328–29.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure.  *See*
*Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil
Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the
court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant Complaint falls within this category. It is neither short nor plain, *see* Fed. R. Civ. P. 8(a), its allegations cannot be described as simple, concise, or direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). As presented, the Complaint is simply "too unwieldy to proceed." *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024). "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id*. (citing *Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-

page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (finding that the complaint failed to comply with Rule 8(a) and because it was "outrageously long-winded and redundant, and hides the substance of its claims within its prolixity. Defendants should not be forced to spend time and energy in attempting to decipher Hamrick's utterly confusing and lengthy pleading.")).

To be clear, it "is not merely the length . . . that warrants dismissal for violating Rule 8; the disorganized and convoluted nature of the allegations counsel that result as well." *Spence*, 2022 WL 3354726, at *12 (citing *Nichols*, 828 F. Supp. 2d at 252) ("[U]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.")) (other citations and internal quotation marks omitted).  Here, neither the Court nor the Defendants can plausibly understand Plaintiff's intended claims or entitlement to relief, if any.  Indeed, Plaintiff's allegations are largely frivolous and strain credulity.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible."); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) (a court shall dismiss a complaint as frivolous when it "postulates events and circumstances of a wholly fanciful kind.").

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:  January 2, 2026

/s/_____
    ANA C. REYES
    United States District Judge